UNITED STATES of America, Plaintiff,

v.

Ellis McHENRY, Defendant.

No. 1:93 CR 0084.

United States District Court,
N.D. Ohio, E.D.

April 29, 1993.

Phillip Tripi, Asst. U.S. Atty., U.S. Attorney's Office, Cleveland, OH, for plaintiff.

Debra M. Hughes and Donald N. Krosin, Asst. Federal Public Defenders, Cleveland, OH, for defendant.

## MEMORANDUM OPINION

DOWD, District Judge.

The defendant has moved the Court to dismiss counts 2, 4 and 6 of the indictment as violating the double jeopardy clause of the Fifth Amendment to the United States Constitution. *See* Docket No. 18.

Counts 1, 3 and 5 of the indictment charged the defendant with violations of 18 U.S.C. § 2119, commonly referred to as carjacking, and which reads in relevant part as follows:

Whoever, *possessing a firearm* as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another *by force and violence or by intimidation*, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both ... [emphasis added].

The three alleged carjackings are alleged to have taken place on January 28, 1993, February 1, 1993 and February 4, 1993.

The government's brief in opposition (Docket No. 21) alleges that the defendant, in committing the three separate acts of carjacking, displayed a handgun in each of the three incidents. As a consequence, the indictment charges the defendant in counts 2, 4 and 6 with violations of 18 U.S.C. § 924(c)(1) which provides in pertinent part as follows:

Whoever, *during and in relation to any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, *uses or carries a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years ... [emphasis added].

The sentence mandated for a violation of 18 U.S.C. § 924(c)(1) is consecutive to the sentence for any crime of violence or drug trafficking crime.

It is well established that the constitutional prohibition of double jeopardy consists of three separate guarantees:

(1) It protects against a second prosecution for the same offense after acquittal.

(2) It protects against a second prosecution for the same offense after conviction.

(3) It protects against multiple punishments for the same offense.

*See North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

The issue raised by the defendant's motion falls within the third category, i.e., the double jeopardy protection against multiple punishments for the same offense. This aspect of double jeopardy issues has produced a number of opinions by the United States Supreme Court in recent years. *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); and *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

In this case, the defendant contends that each of the statutes invoked by the prosecutions of counts 1 through 6, have as elements possession of a firearm and the commission of a crime of violence, and that therefore the

proof of each crime would then require precisely the same proof and therefore violate the rule of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and as further defined by *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

The government challenges the application of the *Blockburger* rule in this case because the charges contained in counts 1, 3 and 5 only require the possession of a firearm whereas the charges contained in counts 2, 4 and 6 require that the defendant carry or use the firearm during and in relation to any crime of violence.

■ The Court concludes that it is not necessary to consider whether *Blockburger* applies in this case because of the pronouncement set forth in *Missouri v. Hunter, supra,* wherein Chief Justice Burger, writing for the Court, opined:

> [W]e are not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the Double Jeopardy Clause, and we reject its legal conclusion.
>
> Our analysis and reasoning in *Whalen* and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent. Thus far, we have utilized that rule only to limit a federal court's power to impose convictions and punishments when the will of Congress is not clear. Here, the Missouri Legislature has made its intent crystal clear. Legislatures, not courts, prescribe the scope of punishments.
>
> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or

jury may impose cumulative punishment under such statutes in a single trial.

> Accordingly, the judgment of the Court of Appeals of Missouri, Western District, is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

*Missouri, supra,* 459 U.S. at pp. 368, 369, 103 S.Ct. at pp. 679, 680 (Footnote omitted).

Earlier, in *Simpson v. United States, supra,* enhanced punishment pursuant to 18 U.S.C. § 924(c) was struck down because the Supreme Court determined that the Congress had failed to make its intent clear that it was authorizing enhanced punishment. Subsequently, the Congress, in direct response to *Simpson, supra,* amended 18 U.S.C. 924(c) and, as indicated by the Sixth Circuit in *United States v. Moore,* 917 F.2d 215, 229 (6th Cir.1990), made its legislative intention clear that it intended enhanced sentencing under 18 U.S.C. § 924(c) when applied in connection with a crime of violence where a firearm is used.

■ Consequently, this Court finds, based upon *Missouri v. Hunter, supra,* and *United States v. Moore, supra,* that the *Blockburger* test does not apply in this case. Furthermore, the Court is of the view that even if one were to ignore the mandate of *Missouri v. Hunter, supra,* and apply *Blockburger* without reference to *Missouri v. Hunter, supra,* nonetheless the *Blockburger* test would not support the defendant's motion for dismissal of counts 2, 4 and 6. The offense of carjacking (18 U.S.C. § 2119) requires only proof of the possession of a firearm whereas the provisions of 18 U.S.C. § 924(c) require more than mere possession, but rather that the firearm be used or carried during and in relation to the crime of violence.

For the foregoing reasons, the motion of the defendant to dismiss counts 2, 4 and 6 is denied.

IT IS SO ORDERED.