UNITED STATES of America

v.

Heath SINGLETON.

Crim. A. No. 93–0005.

United States District Court, E.D. Louisiana.

June 23, 1993.

John Murphy, U.S. Atty., New Orleans, LA, for plaintiff.

Virginia Schlueter, U.S. Public Defender, New Orleans, LA, for defendant.

## SUPPLEMENTAL REASONS

DUPLANTIER, District Judge.

William Mullers was abducted at gunpoint, taken away in his car, and killed.  The government charges that the defendant, Heath Singleton, was one of four perpetrators of the abduction and murder.  The grand jury indicted Singleton in three counts of a four count indictment.  Two of the three counts are at issue here.  Count II charges Single-

---

1.  Whitney did not hesitate to move for reconsid-  eration on other legal theories.

ton with violating 18 U.S.C. § 2119[1] (the "carjacking" statute), by taking a motor vehicle by force and intimidation while possessing a firearm, resulting in the death of Mr. Mullers. Count III charges that Singleton violated 18 U.S.C. § 924(c) (hereinafter the firearm statute) by using the same firearm referred to in Count II during a crime of violence, the "carjacking" referred in Count II.

Singleton filed a "motion for election and dismissal of counts in the superseding indictment," in which for practical purposes he seeks to dismiss the gun count. In his motion Singleton argues that the two counts are multiplicitous because the only elements of the crime proscribed by section 924(c), the firearm statute, (possession of a firearm during a crime of violence) are also necessary elements of the "carjacking" statute, a "crime of violence"[2] that can be committed only with a firearm. I granted defendant's motion at the conclusion of the hearing on the motion, dictating oral reasons, which I now amplify.

The government does not dispute the primary basis for mover's motion: because no element of the firearm statute is not also an element of the "carjacking" statute, anyone who commits the crime of "carjacking" at the same time also violates the firearm statute. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions," the *Blockburger* test is to be applied: "whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The two statutes with which defendant is charged "fail" the *Blockburger* test, because the firearm statute does not require

"proof of an additional fact which the other ["carjacking"] does not." *Id.*

"The assumption underlying the [*Blockburger* test] is that Congress ordinarily does not intend to punish the same offense under two different statutes." *Whalen v. United States*, 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980). Accordingly, where two statutory provisions "fail" the *Blockburger* test, "they are construed not to authorize cumulative punishments in the absence of a *clear indication* of contrary legislative intent." *Id.* at 692, 100 S.Ct. at 1438 (emphasis added). *See also Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981).

*Statutory Interpretation*

The government contends that the language of section 924(c) reflects the clear intention of Congress to provide for multiple punishments for all "crimes of violence;" it points to legislative history relating to the 1984 amendment to section 924(c), which purportedly overruled two Supreme Court decisions that had limited the application of section 924(c). *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978); *Busic v. United States*, 446 U.S. 398, 399–400, 100 S.Ct. 1747, 1749, 64 L.Ed.2d 381 (1980). In *Simpson*, the Court held that the defendant could not be sentenced under both section 2113(d) (armed bank robbery) and section 924(c), the firearm statute, in a prosecution arising out of a single act of bank robbery with a firearm. The Court reasoned that the firearm statute was not meant to apply to criminal statutes which already provided for enhanced penalties for the use of dangerous weapons. The Court applied standard rules of statutory interpretation

---

1. 18 U.S.C. § 2119 provides in pertinent part that

> Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> . . .
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

2. Section 924(c)(3) defines a "crime of violence" as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> 18 U.S.C. § 924(c)(3).

and noted the absence of contrary legislative intent; it concluded that Congress had not intended the firearm statute to impose multiple punishments when the predicate offense included an enhanced penalty for the use of a dangerous weapon. *Simpson,* 435 U.S. at 11–15, 98 S.Ct. at 912–14. Two years after *Simpson,* the Court held that the penalty provision of section 924(c) could not be used in lieu of the enhancement provision provided in the predicate offense. *Busic,* 446 U.S. at 399–400, 100 S.Ct. at 1749.

Prior to the 1984 amendment, section 924(c) provided:

(c) Whoever—

(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States,

shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment imposed for the commission of such felony.

Section 924(c), as amended in 1984 and thereafter, provides in pertinent part:

Whoever, during and in relation to any crime of violence ... (including a crime of violence ... which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years, ... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence ... in which the firearm was used or carried.

18 U.S.C. § 924(c)(1).

Although the addition of the language regarding crimes containing enhanced penalties expanded the scope of section 924(c), the language is irrelevant here because carjacking has no enhancement penalty for use of a firearm. Except for the reference to the enhanced penalty crimes, contrary to the government's contention, the 1984 amendment was restrictive in its effect, for it changed the predicate offense from "any felony" to "any crime of violence." There are many felonies which are not "crimes of violence."

Moreover, general rules of statutory construction indicate that Congress did not intend that the "crime of violence" provision in section 924(c) should apply to "carjacking." As the more specific statute and the later expression of Congress, section 2119, "carjacking", takes precedence over the general firearm statute, section 924(c). *See, e.g., Simpson,* 435 U.S. at 15, 98 S.Ct. at 914. Section 2119 does not refer to section 924(c), although it does incorporate by reference two other sections of title 18. Furthermore, the penalty provisions of the "carjacking" statute range from no term of imprisonment to a life sentence for a crime such as that charged here, involving death of a victim. When the punishment prescribed can be life imprisonment, it is unlikely that Congress intended (without specifically so stating) to impose a mandatory five year consecutive sentence. Finally, the maxim of statutory interpretation, "expression unius est exclusio alterius" (the expression of one is the exclusion of others) also applies here. Congress has spoken as to the interplay between section 924(c) and criminal statutes containing enhanced penalties for the use of a dangerous weapon, but it has not addressed the inter-

play between section 924(c) and the "carjacking" statute, which does not contain an enhanced penalty.

I conclude that the two statutes involved here do not reflect a clear intent by Congress to impose cumulative punishments when the "crime of violence" relied upon by the prosecution to support the consecutive minimum five year punishment of the general firearm statute, section 924(c), is "carjacking", which is itself a crime of violence which can be committed only with a firearm.

### Legislative History

The Government relies heavily upon the committee reports accompanying the 1984 amendment to support its argument that Congress intended section 924(c) to apply to all crimes of violence. Based upon my experience as a state senator, I have always viewed "legislative history" as virtually irrelevant. Congressmen, like their state counterparts, vote for their own reasons, and each often has his own view of how the statute should be interpreted. When the words of a statute are clear, what a committee staffer wrote in a committee report concerning what that staffer means to legislate should be of no concern to a court interpreting the words. Members of Congress vote to enact the provisions in a bill in their ordinary meaning; they do not legislate what a committee staff member or even an entire legislative committee may think is intended or meant by the words of the statute. A court must interpret only what the statute fairly and reasonably provides, not what a committee report states that it provides or what one or more Congressmen may have meant to legislate.

Even if I considered legislative history relevant, the history does not serve the government's interest here. The history of the 1984 amendment does not address this unusual situation where the predicate crime includes all the elements of the crime defined by section 924(c). The legislative history indicates an intent to overrule *Simpson* legislatively, but *Simpson* dealt with an enhanced penalty predicate statute. The legislative history speaks not at all to the application of the firearm statute, section 924(c), to a predicate felony an essential element of which is use of a firearm. Moreover, the legislative history regarding the 1984 amendment can provide no insight into the intentions of the 1992 Congress when it created the new federal crime of "carjacking" nearly eight years later. There is no reference in the congressional reports accompanying the "carjacking" statute (section 2119) to any interplay with the firearm statute.[3] Contrary to the government's contention, Congress has not stated any intention regarding the relationship between these two sections, much less explicitly indicated its intention to impose multiple punishments, as it must do under the *Blockburger* test.

### Conclusion

Because I conclude that section 924(c) does not "require[ ] proof of an additional fact which the other [section 2119] does not" and the text of these statutes do not reflect a clear intent by Congress to impose cumulative punishment, *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182, I grant the defendant's motion. Count III of the superseding indictment will be dismissed.

---

**3.** I note that Senator Deconcini, who introduced similar carjacking legislation in the Senate that did not include possession of a firearm in its definition, voiced some concern about the House version that was ultimately enacted:

My only reservation with the carjacking section in H.R. 4542 goes to the provision that makes the use of a firearm an essential element of the crime. First, this element is unnecessarily restrictive because it does not cover

carjacking committed with use of other type of weapons nor would simple brute force be covered. Second, it creates a firearm crime outside the context of the existing gun laws. Firearm crimes have been and should be the primary responsibility of the experts in this area. . . .

138 Cong.Rec. S17958–02, S17960 (daily ed. Oct. 8, 1992) (statement of Sen. Deconcini), available in WESTLAW, CR database.