**UNITED STATES of America, Plaintiff,**

v.

**Charles Randall HARWOOD, Defendant.**

**Civ. A. No. CR–93–00004–BG(H).**

United States District Court,
W.D. Kentucky,
at Bowling Green.

July 27, 1993.

Mark Miller, Asst. U.S. Atty., Louisville, KY, for plaintiff.

John E. Donnelly, Jr., Bowling Green, KY, for defendant.

## SUPPLEMENTAL MEMORANDUM OPINION

HEYBURN, District Judge.

Defendant contended earlier in this litigation that the Double Jeopardy Clause prohibited the United States from pursuing simultaneous convictions for carjacking and for possession of a handgun during the commission of a felony. Recent precedent in the Sixth Circuit persuaded this Court to deny Defendant's Motion to Dismiss. The Court now offers this Supplemental Memorandum to describe in greater detail the reasoning which led to that decision.

Defendant allegedly attempted to rob two persons of their automobile with the aid of a handgun. That single act resulted in an Indictment on two different federal charges. The Indictment first accused Defendant of taking a motor vehicle from the person of another while possessing a firearm, a felony punished under the new federal carjacking statute. 18 U.S.C. § 2119. The Indictment's second count alleged that Defendant had used or carried a firearm during and in relation to a crime of violence, an act prohibited by 18 U.S.C. § 924(c). Defendant argued that a conviction on both charges would violate the Constitution's Double Jeopardy Clause by subjecting Defendant "for the same offense to be twice put in jeopardy of life or limb". U.S. Const. amend V; (Mot. to Dismiss at 1.) This Court denied Defendant's Motion in its Order of July 19, 1993; Defendant subsequently pleaded guilty to both charges and retained his right to appeal the denial of his motion to dismiss Count II of the Indictment.

■ The Double Jeopardy Clause prohibits a federal court from imposing multiple punishments for the same offense. *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). The Clause does *not* prohibit Congress from authorizing multiple punishments for the same conduct if, in the exercise of its exclusive power to define criminal offenses, Congress intends to prescribe such overlapping penalties. *Id.* at 689, 100 S.Ct. at 1436. Whether the imposition of multiple punishments violates the Constitution in a particular case therefore depends on whether Congress intended to permit such a result. *Id.* at 688, 100 S.Ct. at 1436; *see also United States v. Gibbons*, 994 F.2d 299, 301–02 (6th Cir.1993).

■ Overlapping statutes that punish the "same offense" presumptively violate the Double Jeopardy Clause, unless "each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The carjacking and armed-felon charges which Defendant confronted almost certainly fail this test; under virtually any interpretation they punish the "same offense." Perhaps, under magnification, distinctions can be drawn between the two statutes.[1] But the conclusion seems unavoidable

---

1. The United States noted, for instance, that the carjacking statute demands proof that a defendant "possess[ed]" a firearm during the robbery, 18 U.S.C. § 2119, while the armed felon statute requires a showing that the defendant "use[d] or carrie[d]" a firearm during the underlying crime, 18 U.S.C. § 924(c)(1). Mere possession of a firearm during the course of criminal conduct will not support a conviction under § 924(c). *United States v. Brown*, 915 F.2d 219, 224 (6th Cir. 1990). Nevertheless, § 924(c)'s language is sufficiently broad to permit punishment where the possession of a firearm facilitates the execution of a felony in any manner. *United States v. Acosta-Cazares*, 878 F.2d 945, 952 (6th Cir. 1989). The likelihood that a jury might find a

that a person who commits carjacking under 18 U.S.C. § 2119 by definition violates the armed felon provisions of § 924(c). *See United States v. Singleton,* 824 F.Supp. 609, 610 (E.D.La.1993). The Sixth Circuit has in effect circumvented this analysis by recently declaring that

> The general double jeopardy tests cannot be applied to section 924(c) since a 924(c) charge is always predicated upon the violation of another statutory offense. It can never satisfy the *Blockburger* test. The underlying crime of violence or drug crime upon which a section 924(c) conviction is, by definition, based will never require proof of any fact for which section 924(c) itself does not require proof.

*Gibbons,* 994 F.2d at 302.

When faced with two statutes punishing the same offense, such as the two at issue here, a court must conclude that the laws do not authorize cumulative punishments unless the court can identify a "clear indication of contrary legislative intent." *Whalen,* 445 U.S. at 692, 100 S.Ct. at 1438. At least one federal court has ruled that no such intent exists. *Singleton,* 824 F.Supp. at 610.[2] The armed felon statute does specify, however, that its punishment shall be borne "in addition to the punishment provided for [the underlying] crime of violence" during which the defendant used or carried a firearm. 18 U.S.C. § 924(c)(1). The Sixth Circuit focused on this language when it announced that "[a]s a result of Congress' clear legislative intent, there is no need to apply any other method of statutory interpretation:

Congress directed cumulative sentencing under section 924(c)." *Gibbons,* 994 F.2d at 302. That ruling paralleled an earlier decision in which the Sixth Circuit held that a defendant's punishment for armed robbery of a postal carrier under 18 U.S.C. § 2114 may be supplemented by a conviction under § 924(c). *United States v. Moore,* 917 F.2d 215, 229-30 (6th Cir.1990).[3]

Though some superficial distinctions may be drawn between the statute discussed in *Moore* and the carjacking provision at issue here, the two laws seem sufficiently similar, and the Sixth Circuit's reasoning in *Moore* sufficiently broad, to dictate a similar conclusion in the case before this Court. Congress presumably was familiar with the broad application afforded § 924(c) when it drafted the carjacking statute, and if it had intended to exclude the predictable use of § 924(c) in carjacking prosecutions, Congress could have incorporated the necessary limiting language when it wrote § 2119.

The arguments advanced by Defendant in his Motion to Dismiss are not easily brushed aside. It seems somewhat counter-intuitive to conclude that Congress intended to draft two separate laws to govern identical conduct. Indeed, under the circumstances presented by this litigation, § 924(c) is little more than a *pro forma* sentence enhancement rather than an independent crime; it would be logically impossible for a jury to find a person guilty of carjacking but not guilty of being an armed felon, except in the exercise of mercy.[4] Perhaps this statutory

---

defendant to have "possessed" a handgun under § 2119, but not to have "used" or "carried" that weapon under § 924(c), seems remote indeed, and the distinction provides at best a slender reed upon which to base a Double Jeopardy analysis.

**2.** The Sixth Circuit does not appear to have addressed the issue yet. See the unpublished opinion contained in *United States v. McHenry,* 993 F.2d 1548 (6th Cir.1993) (text in WESTLAW).

**3.** Section 2114 provides for a prison sentence of up to 25 years if, in the course of robbing a postal official, the defendant endangers the official's life "by the use of a dangerous weapon". 18 U.S.C. § 2114. The Sixth Circuit found persuasive the fact that Congress had recently amended the armed felon statute so that § 924(c) would apply even when the underlying crime

provides for its own enhanced punishment in the event a firearm is present. *Moore,* 917 F.2d at 229.

**4.** Compare with this case a prosecution in which a § 924(c) charge is attached to an underlying felony which does not require as an essential element the presence of a firearm, such as arson. *See* 18 U.S.C. § 844(i). A jury may convict a defendant of arson upon proof that the defendant "maliciously damage[d] or destroy[ed] ... by means of fire ... real or personal property used in interstate or foreign commerce...." *Id.* Such a verdict clearly would not dictate a finding of guilt under § 924(c); the jury would have to find the existence of an additional fact, that the defendant used or carried a firearm during the arson, before the jury could identify a violation of § 924(c).

repetition is unwitting, as the *Blockburger* analysis would suggest; the question is certainly a close one. Indeed, if § 924(c) is merely a sentence enhancement statute and not an independent crime, then why is a separate indictment necessary or appropriate? Query, could an individual be indicted *only* on a § 924(c) count or could an individual be indicted on a § 924(c) count after being acquitted of the underlying offense in state court?

Regardless, this Court's review of the Sixth Circuit's rulings in this area persuade the Court that the Double Jeopardy Clause does not preclude the imposition of multiple sentences under the carjacking and armed felon statutes.