**UNITED STATES of America**

v.

**Terrance Andre SMITH.**

**UNITED STATES of America**

v.

**Orlando S. EASLEY.**

**Crim. Nos. 93–88–N–01, 93–88–N–02.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 28, 1993.

Robert J. Seidel, Asst. U.S. Atty., Norfolk, VA, for Government.

David W. Bouchard, Chesapeake, VA, for Smith.

Thomas L. Watkins, Virginia Beach, VA, for Easley.

## OPINION AND ORDER

DOUMAR, District Judge.

On February 23, 1993, Terrance Andre Smith and Orlando Sylvester Easley attacked Catherine Robinson in a restaurant parking lot and, at gunpoint, took Robinson's 1989 Nissan Sentra automobile. Smith and Easley pled guilty to two counts of an indictment: count one, charging them with Armed Carjacking, in violation of 18 U.S.C. Section 2119 (the "carjacking statute"), and count two, charging them with Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. Section 924(c) (the "firearm statute").

The government seeks to have the defendants sentenced under both the carjacking statute and the firearm statute. The issue before the Court is whether sentencing defendants under both statutes violates the Double Jeopardy Clause of the Fifth Amendment. This Court concludes that, because Congress did not clearly express an intention to impose cumulative punishments under the carjacking statute and the firearm statute, sentencing the defendants under both statutes would constitute double jeopardy.

■ The Double Jeopardy Clause includes three constitutional protections: protection against a subsequent prosecution for the same offense after an acquittal, protection against a subsequent prosecution for the same offense after a conviction, and protection against multiple punishments for the same offense. *See Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187, 193–94 (1977); *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656, 664–65 (1969). However, the courts have interpreted the third of these, the protection against multiple punishments, to apply only where Congress has not clearly authorized cumulative punishments. *See Whalen v. United States,* 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715, 721–22 (1980); *Brown,* 432 U.S. at 165, 97 S.Ct. at 2225, 53 L.Ed.2d at 193–94 ("Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense"). In other words, cumulative punishments imposed by Congress do not violate double jeopardy. *See Missouri v.*

*Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543–44 (1983); *U.S. v. Shavers,* 820 F.2d 1375, 1378 (4th Cir.1987) (citing *Whalen* ). Thus, the Court first must determine whether the statutes impose multiple punishments for the same conduct, then must determine whether Congress clearly authorized cumulative punishments.

■ No element of the firearm statute is not also an element of the 'carjacking' statute; the firearm statute requires proof of no additional facts not required by the carjacking statute, and anyone who is proven to have committed the crime of carjacking must necessarily have violated the firearm statute at the same time.[1] *United States v. Singleton,* 824 F.Supp. 609, 610 (E.D.La.1993). Therefore, under the Supreme Court's decision in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), cumulative punishments are not authorized unless there exists clear legislative intent to the contrary. *See Whalen v. United States,* 445 U.S. at 691–92, 100 S.Ct. at 1437–38, 63 L.Ed.2d at 723–24; *Singleton,* 824 F.Supp. at 610.

■ Applying rules of statutory construction, this Court does not find that Congress clearly intended to authorize cumulative punishments under the two statutes. First, it is well established that, to the extent that the language of statutes conflict, later statutes receive precedence over earlier statutes and specific statutes receive precedence over more general statutes. *See Singleton,* 824 F.Supp. at 611 (citing *Simpson v. United States,* 435 U.S. 6, 15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70, 78 (1978)). In this case, the carjacking statute is the later[2] and more specific indication of congressional intent regarding the conduct of taking another's automobile using a firearm.

■ The carjacking statute does not mention cumulative punishments where a firearm is used; on the contrary, the definition of carjacking *requires* use of a firearm. It would be unusual under the language of the carjacking statute to sentence a defendant for carjacking, then to impose a separate sentence on the defendant for committing an element of that carjacking offense (using a firearm). It is fair to assume that if Congress intended such a result, it would have indicated this intention in the carjacking statute.

1. The carjacking statute reads, in relevant part:

   Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
   
   (1) be fined under this title or imprisoned not more than 15 years, or both,
   
   (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
   
   (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.
   
   18 U.S.C. Section 2119.
   
   The firearm statute reads, in relevant part:
   
   Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to impris-
   onment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

   For purposes of this subsection the term "crime of violence" means any offense that is a felony and—
   
   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
   
   18 U.S.C. Section 924(c).

2. The carjacking statute was enacted in 1992, while the firearm statute was last amended in 1990.

■ Moreover, to construe the statutes to impose cumulative punishments would violate the rule that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488, 496 (1971); *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493, 496–97 (1971). This canon of statutory construction is based on the two principles: that "a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed"; and that "because of the seriousness of criminal penalties, and because criminal punishment usually represents the moral condemnation of the community, legislatures and not the court should define criminal activity." *Bass,* 404 U.S. at 347–48, 92 S.Ct. at 522–23, 30 L.Ed.2d at 496–97.

■ Though the defendants in this case should be on notice that their conduct is prohibited by the law, this Court does not find that they were on notice of the multiple penalties to which they could be exposed by their single act. Moreover, this Court cannot take the extraordinary step of compounding punishments for a single act without clear guidance from the law-making branch of the federal government. Thus, this Court must construe the statutes in favor of lenity and hold that the defendants can not be sentenced under both statutes.

The government in this case argues that the congressional response to the Supreme Court's opinions in *Simpson* and in *Busic v. United States,* 446 U.S. 398, 406–07, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381, 389–90 (1980), indicates that Congress intended to impose cumulative punishments. In *Busic,* the Court held that the trial court could not punish the defendant under both the firearm statute and under 18 U.S.C. Section 111 (assault on federal officers, with an enhanced penalty for using a firearm in the assault). 446 U.S. at 404–13, 100 S.Ct. at 1752–56, 64

L.Ed.2d at 388–94. In *Simpson,* the Court held that the trial court could not punish the defendant under both the firearm statute and under 18 U.S.C. Section 2113(d) (bank robbery, with an enhanced penalty for use of a firearm in the robbery). 435 U.S. at 9–16, 98 S.Ct. at 911–15, 55 L.Ed.2d at 74–79. Avoiding the question of whether the two statutes failed the *Blockburger* test, the Court in both cases found that Congress had not clearly expressed an intention to impose cumulative punishments. The Court reasoned that punishing the defendants under the firearm statute and statutes which provide for enhanced punishment for use of a dangerous weapon would violate the rule of lenity. *Busic,* 446 U.S. at 406, 100 S.Ct. at 1753, 64 L.Ed.2d at 389; *Simpson,* 435 U.S. at 14–15, 98 S.Ct. at 914, 55 L.Ed.2d at 77–78. Furthermore, the Court resorted to the rule of statutory construction that the specific statute (the assault statute and the bank robbery statute, respectively, which make no mention of cumulative punishments) should take precedence over the more general statute (the firearm statute, which, at the time, imposed cumulative punishments for federal "felonies"). *Id.*

Congress responded to the *Busic* and *Simpson* decisions by amending the firearm statute in 1984. Congress clarified the crimes covered by the statute: use of a firearm in "any felony" was changed to cover the use of a dangerous weapon in any "crime of violence or drug trafficking crime [including any such crime which] ... provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." 18 U.S.C. Section 924(c)(1). Thus, Congress intended to avoid the consequences of *Busic* and *Simpson,* and punish defendants under the firearm statute even if they also are being punished under statutes which contain enhanced penalties for using a deadly weapon in the commission of the crime. *U.S. v. Shavers,* 820 F.2d 1375, 1377–78 (4th Cir. 1987).[3]

3. Similarly, courts have held that the firearm statute authorizes cumulative punishment for a person who uses the weapon in the commission of a drug trafficking crime, on the basis that the language of the amended statute clearly covers persons who engage in a drug trafficking crime

with a dangerous weapon. *See United States v. Smith,* 962 F.2d 923, 932 (9th Cir.1992); *United States v. Hill,* 971 F.2d 1461, 1466 (10th Cir. 1992); *United States v. Garrett,* 903 F.2d 1105, 1114 (7th Cir.1990), *cert. denied,* 498 U.S. 905, 111 S.Ct. 272, 112 L.Ed.2d 227 (1990).

However, while Congress expanded the reach of the firearm statute to specific crimes for which an enhanced penalty already applied, it narrowed the overall scope of the firearm statute: the amended statute covers "crimes of violence," and "drug trafficking," whereas the earlier version included "any felony." *Singleton*, 824 F.Supp. at 611. The amendment did not address whether the firearm statute would cover crimes for which use of a firearm is a necessary element. Applying the principle that "expression unius est exclusio alterius" (the expression of one is the exclusion of others) emphasizes that, because Congress specifically amended the firearm statute to include drug trafficking crimes and other crimes for which enhanced penalties already exist, but did not include crimes for which use of a firearm is a necessary element, it did not intend to expand the statute to cover this type of crime. *Id.*

Congress defined the crime of carjacking and set the penalty in 1992. The carjacking statute, enacted well after the amendment of the firearm statute, does not carry an enhanced penalty for the use of a firearm, as the use of a firearm is an element of the offense itself. Thus, without a firearm, there is no carjacking crime. Because the firearm statute requires proof of no elements not required by the carjacking statute, this Court cannot impose punishment under both statutes absent clear authorization by Congress. This Court does not interpret Congress's response to *Busic* and *Simpson* as expanding the coverage of the firearm statute to future undefined crimes of violence which specifically include use of a firearm as an element. This Court finds that the congressional response to *Busic* and *Simpson* does not clearly authorize cumulative punishments under the carjacking statute and the firearm statute. Thus, the defendants may not be given a cumulative sentence for violation of the two statutes.

IT IS SO ORDERED.