UNITED STATES of America,

v.

**Joseph Francis SABINI, Defendant.**

No. 93–0448–CR.

United States District Court,
S.D. Florida.

Jan. 19, 1994.

Kendall Coffey, U.S. Atty., C.E. "Beth" Sreenan, Asst. U.S. Atty., Miami, FL, for plaintiff.

James R. Gailey, Federal Public Defender, Paul Korchin, Asst. Federal Public Defender, Miami, FL, for defendant.

*ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT
II*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant Joseph Francis Sabini's motion to dismiss Count II of the indictment. For the reasons stated below, the Court denies the defendant's motion.

*PROCEDURAL BACKGROUND*

The indictment in this action charges the defendant with three offenses. Count I charges Sabini with violation of 18 U.S.C. § 2119, commonly known as the "carjacking" statute. Count II charges him with use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Count III charges him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In support of his motion to dismiss Count II, Sabini argues that Count I and Count II are multiplicious and violate the constitutional prohibition against double jeopardy.[1]

---

1. In a separate motion, Sabini sought dismissal of Count I, on the grounds that the carjacking statute is an unconstitutional exercise of the power of Congress under the Commerce Clause. By

*STATUTORY PROVISIONS*

Title 18, United States Code, Section 2119 provides:

Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

(1) be fined under this title or imprisoned not more than 15 years, or both,

(2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and

(3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

18 U.S.C.A. § 2119 (West 1984 & Supp.1993).

Title 18, United States Code, Section 924(c) provides, in pertinent part:

(1) Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.
. . .

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another.

18 U.S.C.A. § 924(c) (West 1976 & Supp. 1993).

*EXISTING CASE LAW*

Since the enactment of the Anti Car Theft Act of 1992, a number of district courts have considered the same double jeopardy challenge advanced by the defendant in this case. A review of these cases, however, reveals a fairly even split on this issue. *Compare United States v. McHenry*, 830 F.Supp. 1020 (N.D.Ohio), *appeal dismissed*, 993 F.2d 1548 (6th Cir.1993) (no double jeopardy); *United States v. Harwood*, 834 F.Supp. 950 (W.D.Ky. 1993) (same); *and United States v. Zukinta*, 830 F.Supp. 418 (E.D.Tenn.1993) (same); *with United States v. Singleton*, 824 F.Supp. 609 (E.D.La.1993) (double jeopardy); *United States v. Smith*, 831 F.Supp. 549 (E.D.Va. 1993) (same); *United States v. Moore*, 832 F.Supp. 335 (N.D.Ala.1993) (same).

Moreover, the opinions authored by some of these courts are difficult to reconcile with the results they have reached. For example, the *McHenry* court found no double jeopardy. *McHenry*, 830 F.Supp. at 1022. However, it did not impose consecutive sentences after the defendant was convicted under both section 2119 and section 924(c). *United States v. McHenry*, 830 F.Supp. 1025, 1029 (N.D.Ohio 1993). Ostensibly to permit appellate review, the Court vacated the defendant's three convictions under section 924(c), thereby achieving the same result as if double jeopardy had been found. *Id.* Similarly, the *Harwood* court found no double jeopardy on the basis of existing Sixth Circuit precedent, but the opinion seems to argue for a finding of double jeopardy. *Harwood*, 834 F.Supp. at 952–53.[2] Having analyzed these

order dated January 11, 1994, the Court has denied that motion.

**2.** Also of interest is *United States v. Pigott*, where Judge Mentz avoided "violating the double jeopardy principles so jealously protected by [fellow Eastern District of Louisiana] Judge Duplantier's

ruling" in *Singleton*, by requiring that the section 924 count be divorced from the section 2119 count, and exclusively linked instead to a kidnapping offense that had also been charged in the indictment. *United States v. Pigott*, No. CRIM.

cases, therefore, the Court does not find itself in complete accord with any one of them, even though the opinions are helpful in identifying the difficult issues posed by defendant's double jeopardy challenge.

### APPLICABLE STANDARDS

■ Sabini seeks dismissal of Count II of the indictment on the grounds of multiplicity and double jeopardy. The fifth amendment to the United States Constitution provides, in pertinent part, "nor shall any person be subject for the same offence to be twice put in jeopardy for life or limb." U.S. Const. amend. V. This guarantee against double jeopardy "consist[s] of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Because he will only be subjected to one trial, Sabini's double jeopardy challenge is rooted in the latter of these three protections; i.e., multiple punishments for the same offense. *Missouri v. Hunter*, 459 U.S. 359, 365–66, 103 S.Ct. 673, 677–78, 74 L.Ed.2d 535 (1983). Moreover, because a multiplicious indictment raises the potential for multiple punishment for the same offense, such an indictment implicates the double jeopardy clause. *United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 605, 126 L.Ed.2d 570 (1993).

The accepted method of determining whether the two statutes proscribe the same offense is the test articulated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.*, 284 U.S. at 304, 52 S.Ct. at 182. In *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), the United States Supreme Court placed the following qualification on the *Blockburger* test:

> The assumption underlying the rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishment in the absence of a clear indication of contrary legislative intent.

*Whalen*, 445 U.S. at 691–92, 100 S.Ct. at 1437–38. The following year, in *Albernaz v. United States*, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), the Supreme Court added this caveat: "The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *Albernaz*, 450 U.S. at 340, 101 S.Ct. at 1143. Finally, in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Supreme Court stated:

> Our analysis and reasoning in *Whalen* and *Albernaz* lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent.... Legislatures, not courts, prescribe the scope of punishments.
>
> Where ... a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

A.93–157, 1993 WL 293278, at *2 (E.D.La. July 22, 1993).

*Hunter,* 459 U.S. at 368–69, 103 S.Ct. at 679–80 (1983).

## DISCUSSION

The Court first analyzes the two statutes at issue under the *Blockburger* test. Section 2119 requires proof of the following facts:

(1) possession of a firearm;

(2) taking or attempting to take;

(3) a motor vehicle;

(4) that has been transported, shipped, or received in interstate or foreign commerce;

(5) from the person or presence of another;

(6) by force and violence or by intimidation.

Section 924(c) requires proof of the following facts:

(1) using or carrying a firearm;

(2) during and in relation to;

(3) a crime of violence or drug trafficking crime.

The offense specified in section 2119 falls within the statutory definition of the term "crime of violence." Therefore, the government may prove a section 924(c) violation by proving all of the elements of a section 2119 violation, plus: the use or carrying of a firearm; during and in relation to such crime.

At first blush, these two additional elements in section 924(c) might appear to satisfy the *Blockburger* test. The elements of a section 2119 violation, however, include *both* possession of a firearm, *and* the use of force and violence or intimidation. The Court finds no significant distinction between, on the one hand, possessing a firearm and using force and violence or intimidation in the commission of a crime; and, on the other hand, using or carrying a firearm during and in relation to such crime. The Court concludes, therefore, that neither section 924(c) nor section 2119 require proof of a fact not required by the other. Accordingly, the Court finds that these sections do not satisfy the *Blockburger* test. *See United States v. Moore,* 832 F.Supp. 335, 336–37 (N.D.Ala.1993) ("There may be a minuscule or hypertechnical dis-tinction between "possessing a firearm as proscribed by § 2119 and "using" or "carrying" a firearm as proscribed by § 924(c)(1) ... [but] the *sine qua non* for the § 924(c)(1) violation is the same as the *sine qua non* for the § 2119 violation.); *United States v. Singleton,* 824 F.Supp. 609, 610 (E.D.La.1993) ("The government does not dispute the primary basis for mover's motion: because no element of the firearm statute is not also an element of the 'carjacking' statute, anyone who commits the crime of 'carjacking' at the same time also violates the firearm statute."); *United States v. Harwood,* 834 F.Supp. 950, 951–52 (W.D.Ky.1993) ("Perhaps, under magnification, distinctions can be drawn between the two statutes. But the conclusion seems unavoidable that a person who commits carjacking under 18 U.S.C. § 2119 by definition violates the armed felon provisions of § 924(c)."); *United States v. Smith,* 831 F.Supp. 549, 551 (E.D.Va.1993) ("No element of the firearm statute is not also an element of the 'carjacking' statute; the firearm statute requires proof of no additional facts not required by the carjacking statute, and anyone who is proven to have committed the crime of carjacking must necessarily have violated the firearm statute at the same time."). *But see United States v. McHenry,* 830 F.Supp. 1020, 1022 (N.D.Ohio 1993) ("The offense of carjacking (18 U.S.C. § 2119) requires only proof of the possession of a firearm whereas the provisions of 18 U.S.C. § 924(c) require more than mere possession, but rather that the firearm be used or carried during and in relation to the crime of violence."); *United States v. Zukinta,* 830 F.Supp. 418, 421 (E.D.Tenn.1993) ("When § 924(c) and § 2119 are compared and analyzed under the *Blockburger* test, there is no double jeopardy because each offense requires proof of at least one additional fact that the other does not.")

The Court's determination that the two statutes at issue fail the *Blockburger* test, however, does not translate into a finding of double jeopardy. "[T]he *Blockburger* test, which prohibits cumulative punishment for the same offense, is not controlling where a clear indication of contrary legislative intent is evident." *United States v. Ricks,* 817 F.2d 692, 698 (11th Cir.1987) (citing *Missouri v.*

*Hunter,* 459 U.S. 359, 366 (1983)). The Eleventh Circuit has discerned a specific intention on the part of Congress to allow for such cumulative punishment. *Jackson v. United States,* 976 F.2d 679, 681 (11th Cir.1992) (Congress "amended 18 U.S.C. § 924(c) to specifically indicate that it intended to allow for prosecution for the underlying felony *and* the firearm charge."). *See also United States v. Martin,* 961 F.2d 161, 163–64 (11th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. ·271, 121 L.Ed.2d 200 (1992) (The legislative history and the language of 18 U.S.C. § 924(c) reveal a clear intent on the part of Congress to provide cumulative punishment for individuals convicted under statutes already providing for weapons enhancement.).[3]

Sabini attempts to avoid the result dictated by *Jackson* and *Martin* by focusing on the language and legislative history of the later enacted section 2119, rather than section 924(c). Sabini relies on *United States v. Moore,* 832 F.Supp. 335 (N.D.Ala.1993), where Judge Acker determined that "Congress meant for § 2119 to replace § 924(c)(1) in the narrow context of a carjacking with a gun." *Id.* at 337. Judge Acker added, "Necessarily assuming that Congress was aware of *Blockburger* when it enacted § 2119, this court must presume that Congress wanted a passing grade on constitutional law and the Fifth Amendment, including the double jeopardy clause." *Id.* Judge Acker further noted, "If § 924(c)(1) had been enacted *after* § 2119, instead of *vice versa,* there might be an argument that Congress intended to punish the same conduct twice." *Id. See also United States v. McHenry,* 830 F.Supp. 1025, 1029 (N.D.Ohio 1993) (Nothing in the legislative history of § 2119 "justifies a judicial determination that the 102nd Congress clearly intended the sentencing enhancement provisions of § 924(c)(1) to apply to the newly created predicate crime of carjacking."); *United States v. Smith,* 831 F.Supp. 549, 551 (E.D.Va.1993) ("The carjacking statute does not mention cumulative punishment where a

firearm is used; on the contrary, the definition of carjacking *requires* use of a firearm. It would be unusual under the language of the carjacking statute to sentence a defendant for carjacking, then to impose a separate sentence on the defendant for committing an element of that carjacking offense (using a firearm). It is fair to assume that if Congress intended such a result, it would have indicated this intention in the carjacking statute."); *United States v. Singleton,* 824 F.Supp. 609, 611 (E.D.La.1993) ("As the more specific statute and the later expression of Congress, section 2119, 'carjacking', takes precedence over the general firearm statute, section 924(c).")

The Court respectfully disagrees with the foregoing analysis. Congress has already made clear its intent of permitting cumulative punishment under section 924(c), through the 1984 amendment to section 924(c). Nothing in the previously discussed Supreme Court cases requires Congress to reassert such intent as to subsequently enacted statutes that involve firearms. Therefore, Congress' failure to explicitly address the interplay of the two statutes when it enacted section 2119 does not serve to negate the broad intent of section 924(c). *See United States v. Harwood,* 834 F.Supp. 950, 952 (W.D.Ky.1993) ("Congress presumably was familiar with the broad application afforded § 924(c) when it drafted the carjacking statute, and if it had intended to exclude the predictable use of § 924(c) in carjacking prosecutions, Congress could have incorporated the necessary limiting language when it wrote § 2119.")

### CONCLUSION

Based on the foregoing considerations, the Court concludes that the double jeopardy clause does not preclude the imposition of multiple punishments under section 2119 and section 924(c). Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Joseph Francis Sabini's motion to

---

**3.** In *Jackson* and *Martin,* the Eleventh Circuit found clear Congressional intent as to the present version of section 924(c), which was amended in 1984. *Jackson,* 976 F.2d at 681; *Martin,* 961 F.2d at 163. Congress enacted the 1984 amendment in response to Supreme Court cases

finding that the statute violated the double jeopardy clause. *Martin,* 961 F.2d at 163. The Eleventh Circuit had previously made a similar finding of clear Congressional intent as to the pre-amendment version of section 924(c). *Ricks,* 817 F.2d at 698–99.

dismiss Count II of the indictment is DE-NIED.