UNITED STATES of America

v.

**Marlo FERGUSON, Defendant.**

**Crim. A. No. 93–00241–AH.**

United States District Court,
S.D. Alabama, S.D.

March 29, 1994.

Maria E. Fernandez, Asst. U.S. Atty., Mobile, AL, for plaintiff.

Paul Brown, Mobile, AL, for defendant.

## *ORDER*

HOWARD, Chief Judge.

This matter is before the Court on Defendant's Motion to Dismiss. [Doc. # 15].

Defendant was indicted on three separate counts, two of which are at issue in this motion. Count II of the indictment charges Defendant with a violation of 18 U.S.C. § 2119, the "carjacking" statute. Count III of the indictment charges Defendant with a violation of 18 U.S.C. § 924(c), using or carrying a firearm during the commission of a crime of violence. Defendant has pleaded guilty to all three counts of the indictment, but requests the Court to dismiss Count III on the grounds that conviction under that statute in addition to the conviction under the carjacking statute constitutes double jeopardy.

Double jeopardy may arise in one of three ways: second prosecutions for the same offense after acquittal, second prosecutions for the same offense after conviction, and multiple charges and punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Defendant's double jeopardy claim is rooted in the third, multiple charges and punishments for the same offense.

Multiple charges and punishments in a single prosecution will not violate double jeopardy if the legislature intended to impose cumulative punishments. If the legislative intent to impose multiple charges or punishments is ambiguous, then the *Blockburger* analysis is used to infer Congress' intent. *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

Thus, the first step in our analysis of this question is to determine whether the legislature's intentions, with regard to imposing punishments under 18 U.S.C. § 2119 and 18 U.S.C. § 924(c), are ambiguous. While the legislative history 18 U.S.C. § 924(c) clearly supports the imposition of a consecutive five-year sentence when a firearm is used in a crime of violence, it is not clear that this enhancement applied to 18 U.S.C. § 2119. The "carjacking" statute is not similar to other robbery crimes listed in Title 18, sentences under which are correctly enhanced by § 924(c), because it specifically requires, as an element of the crime, that a firearm be possessed by the defendant. Other robbery crimes listed in Title 18 require only that a dangerous weapon be used. The legislative history of 18 U.S.C. § 2119 does not address that section's interplay with 18 U.S.C. § 924(c). Thus, Congress' intent is ambiguous as to whether 924(c) should be used to enhance a sentence imposed for a conviction under § 2119.

Because Congress' intent is not clear, we then consider the two statutes under the *Blockburger* test, to determine whether the one statute requires proof of an element the other does not. The Court finds that the elements of 924(c) and 2119 are coextensive; one statute does not require proof of an element the other does not.

Accordingly, the Court finds that imposition of punishment under both these statutes would constitute double jeopardy to this defendant. Defendant's motion to dismiss Count III of the indictment, which charges a violation of 18 U.S.C. § 924(c), is **GRANTED**; it is **ORDERED** that Count III of the indictment be, and hereby is, **DISMISSED**.