UNITED STATES of America, Plaintiff,

v.

Adrian Charles GRANT and Anthony Jamel Watson, Defendants.

Cr. No. 93–80–MAC(DF).

United States District Court, M.D. Georgia, Macon Division.

June 21, 1994.

Michael L. Chidester, Macon, GA, for Adrian Charles Grant.

James Michael Cranford, Macon, GA, for Anthony Jamel Watson.

Charles E. Cox, Jr., Macon, GA, for U.S.

## ORDER

FITZPATRICK, District Judge.

Defendants have each moved the Court to dismiss the indictment against them. They attack first the constitutionality of the carjacking statute. In addition they argue that charging them in Count 2 with possessing or using a firearm during or in relation to a crime of violence violates the double jeopardy clause of the fifth amendment. Because the defendants' motion raise discrete issues, the court will address each argument separately.

According to the indictment, defendants Adrian Grant and Anthony Watson stole a 1990 Nissan Maxima from Mr. Richard Ames and Ms. Anna Werts on November 19, 1993. Defendants took the car at the Macon Mall in Macon, Georgia. Defendants were armed with a hand gun, a .32 caliber revolver.

## DISCUSSION

### I. Double Jeopardy

In 1993, the United States Supreme Court refined the test for determining whether different prosecutions for the same conduct violated the Constitution. *United States v. Dixon,* —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). In *Dixon* the Court held that the analysis begins with discussion of each element required of both crimes. —— U.S. at ——, 113 S.Ct. at 2856. In other words, only if committing a carjacking will in every case constitute a violation of the firearm statute will prosecution for both violate the constitution. *United States v. Singleton,* 16 F.3d 1419, 1422 (5th Cir.1994).

Count 1 of the indictment charges the defendants with a violation of 18 U.S.C. § 2119, what is commonly known as the carjacking statute. As read by the U.S. Court of Appeals for the Fifth Circuit that offense has four elements:

"The Defendant (1) while possessing a firearm; (2) took from the person or presence of another (3) by force, violence or intimidation (4) a motor vehicle [that] had moved in interstate or foreign commerce." 16 F.3d at 1422.

Count 2 charges these defendants with using or carrying a firearm during a crime of violence. 18 U.S.C. 924(c). Again as defined by the Fifth Circuit, this defense contains two elements: "The defendant (1) used or carried a firearm (2) during and in relation to a crime of violence." 16 F.3d at 1423.

■ Just as did the Fifth Circuit, this Court concludes that anytime there is a violation of § 2119 there will always be a violation of § 924(c). *Singleton,* 16 F.3d at 1425. The question then becomes whether Congress intended to punish separately what is essentially one crime.

The text of § 924(c) evidences a clear intent by Congress to punish separately for any crime of violence where the perpetrators use a firearm. It is of little consequence that to commit carjacking one must use a firearm. Compare *United States v. Ferguson,* 847 F.Supp. 940 (S.D.Ala.1994) with *United States v. Sabini,* 842 F.Supp. 1448 (S.D.Fla. 1994). There is no support in the language of § 2119 to suggest that Congress intended this new crime to be an exception to the consecutive punishment mandated by § 924(c). Absent some clear expression in the text of the statute itself that Congress intended such an exception, this court is unwilling to find one in the legislative history.[1] *See Sabini,* 842 F.Supp. at 1452.

The great weight of the precedent supports the conclusion that simultaneous prosecution for violation of § 2119 and § 924(c) does not offend the double jeopardy clause. *Singleton,* 16 F.3d at 1428–29; *Sabini,* 842 F.Supp. at 1452 (S.D.Fla.1994); *United States v. Johnson,* 22 F.3d 106 (6th Cir.

1994).[2] The motion to dismiss Count 2 for double jeopardy is **_DENIED._**

## II. Constitutionality of the Carjacking Statute

■ Defendants next urge the court to dismiss the indictment by attacking the constitutionality of 18 U.S.C. § 2119. They assert that the commerce clause connection in this statute is so tenuous as to exceed the broad limits of congressional power under the commerce clause.

■ Only one district court opinion has been cited to this court in support of their argument. In *United States v. Cortner,* 834 F.Supp. 242 (M.D.Tenn.1993), Judge Wiseman dismissed a very similar indictment and held § 2119 unconstitutional. He opined that "[T]o say ... that because something once traveled interstate it remains in interstate commerce after coming to rest in a given state is sheer sophistry." 834 F.Supp. at 243. While this court may agree with Judge Wiseman's outrage and frustration at criminalizing what are essentially state crimes, it must reluctantly disagree with his holding.[3] Current commerce clause jurisprudence permits Congress to legislate in any area where interstate or foreign commerce is affected at all. *Johnson,* 22 F.3d at 109.

This is not to say, however, that this is not a close question. The court does not believe it would be helpful or meaningful to repeat the analysis and discussion of the other courts that have addressed this issue. With the sole exception of Judge Wiseman, nearly every court that has faced a constitutional attack on § 2119 has found the statute acceptable. However, as Judge Highsmith noted, "[T]his further incursion into the realm of common law crimes should give pause to those who, like the undersigned, philosophically embrace the principles embodied by the concept known as "Our Federalism." *United States v. Sabini,* 842 F.Supp. 1446,

---

**1.** It is important to note, however, that the Fifth Circuit's review of the legislative history supports, rather than refutes, the Court's conclusion in this case.

**2.** The Fifth and Sixth Circuits disagree on the order of the analysis, but obtain the same conclusion.

**3.** This is especially true since the Sixth Circuit disapproved Judge Wiseman's analysis in *U.S. v. Johnson,* 22 F.3d 106, 109, (6th Cir.1994).

1447 (S.D.Fla.1994). It is not for the Court to pass on the wisdom of the laws passed by Congress. Nor is it for the Court to lament over an increasing criminal case load that infringes on the ability of the Court to do its job. *See Cortner*, 834 F.Supp. at 244; and *Sabini*, 842 F.Supp. at 1447 n. 2. Rather the court is compelled by philosophy and by its duty to apply the law as it finds it to be, rather than as it might wish it was, to pass on the constitutionality of the laws passed by Congress. In this case the statute is constitutionally acceptable.

Ambrose Bierce in his *Devils Dictionary* defines precedent in law as: "A previous decision, rule or practice which, in the absence of a definite statute, has whatever force and authority a Judge may choose to give it, thereby greatly simplifying his task of doing as he pleases." Unfortunately Mr. Bierce's definition though sufficient for some judges does not incline this judge to ignore Congress' clear intent.

### CONCLUSION

Defendants' several motions to dismiss are **DENIED.** The court holds the carjacking statute to be constitutional. The Court also finds no violation of the double jeopardy clause of the Fifth Amendment in this indictment.

SO ORDERED.