**R. Jay KIDD, Plaintiff/Appellant,**

v.

**UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and Henry W. Manning, Defendants/Appellees.**

**No. 84–3835.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 1985.

Decided April 2, 1985.

James Annest, Burley, Idaho, for plaintiff, appellant.

Janet L. Steckel, Washington, D.C., for defendants, appellees.

Before ANDERSON and TANG, Circuit Judges, and TASHIMA, District Judge *.

J. BLAINE ANDERSON, Circuit Judge:

This is an appeal from the district court's decision granting appellees summary judgment against R. Jay Kidd upon his complaint for review of the proceedings and decision of the Interior Board of Land Appeals (IBLA).

The IBLA upheld the Bureau of Land Management's (BLM) rejection of Kidd's

---

* The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

first priority drawn application for desert land entry. The application was rejected for Kidd's failure to provide two witness statements, as required by the Desert Land Entry Act, 43 U.S.C. § 322. Kidd submitted two statements, but from the same individual. As a result, the second drawn application received immediate priority.

A reviewing court may set aside agency action where it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). A grant of summary judgment is reviewed *de novo*. *Lojek v. Thomas*, 716 F.2d 675, 677 (9th Cir.1983).

Kidd argues the Desert Land Entry Act was repealed by implication in the 1934 enactment of the Taylor Grazing Act, which does not require witness statements. In the alternative, Kidd contends the agency abused its discretion by rejecting his priority application when the objective of the witness requirement was satisfied and that he substantially complied with the statute. Although sympathy may be in order, Kidd's arguments are not legally persuasive.

We are not persuaded Congress repealed the statute by implication when enacting the Taylor Grazing Act. This court stated in *Grindstone Butte Project v. Kleppe*, 638 F.2d 100, 102 (9th Cir.), *cert. denied*, 454 U.S. 965, 102 S.Ct. 505, 70 L.Ed.2d 380 (1981):

> Repeals by implication, however, are not favored and will only be found when "the new statute is clearly repugnant, in words or purpose, to the old statute," and when congressional intent to repeal is clear, *United States v. Georgia-Pacific Co.*, 421 F.2d 92, 102 (9th Cir.1970). Furthermore, "courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." [citation omitted]

*Id.* at 102–03.

■ Absent a clear intention otherwise, a general statute will not control or nullify a specific statute, regardless of the priority of enactment. *Morton v. Mancari*, 417 U.S. 535, 550, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290, 301 (1974). The purpose of the Desert Land Entry Act is to identify and put to use land capable of agricultural utilization. *See* 32 C.F.R. § 2520.0–1. On the other hand, "[t]he purpose of the Taylor Grazing Act is to stabilize the livestock industry and protect the rights of sheep and cattle growers from interference. The identification of agricultural land is secondary." (*citations omitted*) *Faulkner v. Watt*, 661 F.2d 809, 812 (9th Cir.1981).

■ We find Congress did not intend a repeal. The language of the Taylor Grazing Act provides that land will be dealt with under *applicable public land laws* if it is determined that the land is better suited for purposes other than grazing. § 43 U.S.C. 315f. In fact, this court in *Faulkner* stated "[s]ince enactment of ... the Taylor Grazing Act ..., private parties may enter such federal lands only if the Secretary ... has classified them as suitable for agricultural development under the *Desert Land Acts*." 661 F.2d at 810 (emphasis added). The two acts serve different purposes and co-exist. Although some duplication of information about the character of the land may occur, it has not been demonstrated that Congress intended a repeal.

■ Finally, Kidd's failure to fully comply with the statute may not be excused for substantial compliance. Granting Kidd's request to alter the strict terms of the act for his benefit would be far beyond this court's authority to review and interpret statutes, especially the public land laws.

■ Article 4, Section 3, Clause 2 of the Constitution, provides:

> The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory and other Property belonging to the United States.

As a result, Congress' constitutional power over the proper administration and disposition of the public lands is without limitation. Once Congress has acted in that regard, both the courts and the executive agencies have no choice but to follow strictly the dictates of such statutes. *United States v. California*, 332 U.S. 19, 27, 67 S.Ct. 1658, 1662, 91 L.Ed. 1889 (1947). The general rule of statutory construction is to ascertain and give effect to the plain meaning of the statutory language used. *Shields v. United States*, 698 F.2d 987, 989 (9th Cir.), *cert. denied,* — U.S. ——, 104 S.Ct. 73, 78 L.Ed.2d 86 (1983). Additionally, the interpretation of a statute by the agency charged with its administration is ordinarily granted substantial deference by the courts. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

The Desert Land Entry Act specifically requires two witness statements. It cannot be any more clear. The Supreme Court has made quite clear that courts are not authorized to rewrite statutes, even though a statute might be "susceptible of improvement." *Badaracco v. Commissioner of Internal Revenue*, 464 U.S. 386, ——, 104 S.Ct. 756, 764, 78 L.Ed.2d 549, 560 (1984).

Although in this case, the statutory requirement borders on nonsense, we cannot ignore history or write around the statutory requirement. We are bound by the plain language of the statute and the BLM cannot be said to have acted arbitrarily, capriciously, or without observance of the law in carrying out the congressional mandate specified in the statute.

The district court's grant of summary judgment is

AFFIRMED.