**UNITED STATES of America, Plaintiff,**

v.

**Vincent M. HILL and Mark A. Tatmon, Defendants.**

**No. CR 93–0622 BAC.**

United States District Court, N.D. California.

April 11, 1994.

**1155**

George Bevan, Asst. U.S. Atty., San Francisco, CA, for plaintiff.

Martin Krajcinovic–Sabelli, Asst. Federal Public Defender, San Francisco, CA and Susan Raffanti, Oakland, CA, for defendants.

### ORDER

CAULFIELD, District Judge.

On December 20, 1993, the United States filed a four-count indictment in this action charging defendants, *inter alia*, with violations of the Anti–Car Theft Act of 1992, 18 U.S.C. § 2119, and the Comprehensive Crime Control Act of 1984, 18 U.S.C. § 924(c)(1). In Count One, the Grand Jury charged that defendants Vincent Hill and Mark Tatmon "each possessing a loaded firearm, did knowingly take a motor vehicle that had been transported or shipped in interstate commerce ... from the person and presence of Byron Cox by force, violence, and intimidation, in violation of Title 18, United States Code, Section 2119." In Count Two, the Grand Jury further charged that defendants Hill and Tatmon "during and in relation [to] a crime of violence, that is the armed carjacking charged in Count One herein, did knowingly use and carry loaded firearms, in violation of 18 United States Code, Section 924(c)(1)."

Defendants are before the court seeking dismissal of Count Two of the Indictment on the grounds that it imposes cumulative punishments for the same offense as set forth in Count One of the indictment in violation of the double jeopardy clause of the Fifth Amendment. Count One, the carjacking count, charges defendants with taking a motor vehicle by force and violence or intimidation while possessing a loaded firearm. Count Two, the firearm count, charges defendants with using and carrying a loaded firearm during the armed carjacking charged in Count One. Defendants assert that Count Two, therefore, essentially alleges that the defendants took the vehicle at gunpoint and, incidently, carried a gun while doing so. Proof of either count, by definition, entails proof of the other. For the foregoing reasons, the court agrees. Accordingly, defendants' motion to dismiss Count Two of the Indictment is GRANTED.

### DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "Nor shall any person be subject for the same events to be twice put in jeopardy of life or limb." The Supreme Court has interpreted the clause as affording three different types of protection: (1) it protects against a second prosecution for the same offense after acquittal, (2) it protects against a second prosecution after conviction, and (3) it protects against multiple punishments for the same offense. *Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1144–45, 67 L.Ed.2d 275 (1981); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). The last of the three protections are implicated by the current motion to dismiss.

### A. The "Same Offense"

Initially, the court must determine whether the two distinct statutory provisions constitute "the same offense" for Double Jeopardy purposes. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court devised a rule of statutory construction to aid in this determination. If two violations are found to be "the same offense" under *Blockburger*, then absent clear legislative intent to the contrary, the presumption is that Congress did not intend to permit cumulative punishment. Conversely, if two violations are not found to be "the same offense" then Congress is presumed to have intended to allow multiple punishment *Albernaz*, 450 U.S. at 339–40, 101 S.Ct. at 1142–43. Neither presumption is dispositive, as the ultimate question remains one of discerning the actual legislative intent. *Government of Virgin Islands v. Soto*, 718 F.2d 72, 77 (3d Cir.1983).

In assessing the constitutionality of the application of two provisions of a criminal statute to a single act, the *Blockburger* Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. Underlying the *Blockburger* test is the assumption "that Congress ordinarily does not intend to punish the same offense under two different statutes." *Whalen v. United States*, 445 U.S. 684, 691–692, 100 S.Ct. 1432, 1437–1438, 63 L.Ed.2d 715 (1980).

### 1. Section 2119

■ Section 2119 authorizes prosecution of "[w]hoever, possessing a firearm ... takes a motor vehicle ... from the person or presence of another by force and violence or by intimidation." 18 U.S.C. § 2119. Notably, the statute "makes the use of a firearm an essential element of the crime ... [i]t does not cover carjacking with the use of other types of weapons nor would simple brute force be covered." 138 Cong.Rec. S17,960 (daily ed. Oct. 8, 1992) (Statement of Senator DeConcini) (cited in *United States v. Singleton*, 824 F.Supp. 609, 612, n. 3 (E.D.La.1993), *rev'd and remanded*, 16 F.3d 1419 (5th Cir. 1994)). Section 2119, therefore, entails proof of four elements:

(1) possession of a firearm;

(2) the taking of a motor vehicle from the person or presence of another;

(3) a nexus with interstate or foreign commerce;

(4) and the use of force and violence or intimidation.

### 2. Section 924(c)

Section 924(c) "sets out an offense distinct from the underlying felony and is not simply a penalty provision." 1984 U.S.C.C.A.N. 3182, 3490–92. It provides enhanced penalties for any person who "during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm." 18 U.S.C. § 924(c). A section 924(c) violation is premised upon proof of a predicate felony and upon using or carrying a firearm during and in relation to the predicate felony. Section 924(c) requires proof of the following facts:

(1) using or carrying a firearm;

(2) during and in relation to;

(3) a crime of violence or drug trafficking crime.

Defendants argue that in any given case, a violation of section 924(c) incorporates the elements of the predicate felony in addition to the elements of using or carrying a firearm. Therefore, defendants reason, the § 924(c) violation does not contain an additional element where the predicate felony (§ 2119) includes using or carrying a firearm as an element. As § 2119 makes possession of a firearm an element of the offense, neither statute requires proof of a single fact not required by the other; a section 2119 conviction, by definition, establishes a section 924(c) violation.[1]

The government contends that the multiple punishment under section 924(c) and section 2119 is presumptively valid because these sections do not proscribe "the same offense" under the *Blockburger* test. The government acknowledges that §§ 924(c) and 2119 "almost invariably will be proven through the same set of facts;" however, the government goes on to argue that a conviction under each statute nevertheless does require proof of a fact which the other does not. Section 2119 requires the taking of a motor vehicle. Section 924(c) also requires proof of a fact that Section 2119 does not: it requires that a firearm be used or carried "during and in relation to" the underlying crime of violence, while section 2119 is satisfied through the

---

**1.** See, *United States v. Smith*, 831 F.Supp. 549, 551 (E.D.Va.1993) ("anyone who is proven to have committed the crime of carjacking must necessarily have violated the firearm statute at the same time") (footnote omitted); *United States v. Moore*, 832 F.Supp. 335, 337 (N.D.Ala.1993) ("in all honesty, the essential elements of the crime under § 924(c)(1) are identical to those in § 2119"); *United States v. Harwood*, 834 F.Supp. 950, 951–952 (W.D.Ky.1993) ("the conclusion seems unavoidable that a person who commits carjacking under 18 U.S.C. § 2119 by definition violates the armed felon provisions of § 924(c)").

mere possession of a firearm during a carjacking. *United States v. Zukinta*, 830 F.Supp. 418, 421 (E.D.Tenn.1993).

The government's attempt to draw a distinction between using or carrying a firearm under § 924(a) and possessing a firearm under the carjacking statute is without merit. The court can see no meaningful distinction between possessing a firearm and using force and violence or intimidation in the commission of a carjacking on the one hand, and using or carrying a firearm during and in relation to a crime of violence. One explanation of the distinction the government seeks to draw would allow prosecution under the carjacking statute of an individual who possesses a firearm, but does not have it on his person, or who conceals it during the commission of a carjacking. Whereas under § 924(c), an individual would have to actually use or carry the firearm during the commission of a felony. Such a position is both unpersuasive and contrary to the congressional intent in passing the carjacking statute. Accordingly, the court finds that neither § 924(c) nor § 2119 require proof of a fact not required by the other.

**B. *Congressional Intent***

█ The determination that §§ 924(c) and 2119 fail the *Blockburger* test is not dispositive. "[T]he *Blockburger* test, which prohibits cumulative punishment for the same offense, is not controlling where a clear indication of contrary legislative intent is evident." *United States v. Ricks*, 817 F.2d 692, 698 (11th Cir.1987) (citing *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). Thus, the validity of the instant indictment turns on whether or not Congress clearly intended to impose section 924(c) penalties for section 2119 violations.

The district courts that have addressed this issue have split. In *United States v. Sabini*, 842 F.Supp. 1448 (S.D.Fla.1994), the district court, citing Eleventh Circuit authority, held that Congress, in passing § 924(c),

specifically allowed for such cumulative punishment. *Id.* at 1450, citing *Jackson v. United States*, 976 F.2d 679, 681 (11th Cir.1992) (Congress "amended 18 U.S.C. § 924(c) to specifically indicate that it intended to allow for prosecution for the underlying felony and the firearm charge."). *See also United States v. Martin*, 961 F.2d 161, 163–64 (11th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 271, 121 L.Ed.2d 200 (1992) (the Legislative history and the language of 18 U.S.C. § 924(c) reveal a clear intent on the part of Congress to provide cumulative punishment for individuals convicted under statutes already providing for weapons enhancement).

Several other courts have ruled that Congress did not intend to impose multiple punishments under the carjacking and firearms statutes. *United States v. Smith*, 831 F.Supp. 549 (E.D.Va.1993); *United States v. Moore*, 832 F.Supp. 335 (N.D.Ala.1993); *United States v. McHenry*, 830 F.Supp. 1025 (N.D.Ohio 1993). These courts, following the interpretative canons that later statutes receive precedence over earlier statutes, *Simpson v. United States*, 435 U.S. 6, 15, 98 S.Ct. 909, 914, 55 L.Ed.2d 70 (1978); *Singleton*, 824 F.Supp. at 611; *Moore*, 832 F.Supp. at 337, and that specific statutes receive precedence over general statutes, have focused on section 2119 rather than section 924(c). *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Kidd v. United States Dept. of Interior*, 756 F.2d 1410 (9th Cir.1985). *See also, Singleton*, 824 F.Supp. at 611; *Moore*, 832 F.Supp. at 337. In this case, the carjacking statute is the later and the more specific of the two statutes; it was enacted after the most recent amendment of section 924(c) and it applies specifically to the act of taking a motor vehicle at gunpoint. For these reasons, this court will look to the congressional intent underlying section 2119 to determine whether Congress clearly authorized cumulative punishment.[2] Neither the plain language nor the legislative history of the carjacking

---

2. In construing section 2119, this Court will apply the rule of lenity. The rule of lenity ensures fair notice of criminal liability by resolving any statutory ambiguity in favor of the individual facing punishment rather than the government

which enjoys the authority to eliminate such ambiguities. *United States v. Bass*, 404 U.S. 336, 347–348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488; *Smith*, 831 F.Supp. at 552.

statute clearly authorizes cumulative punishment.

Section 2119 does not refer to section 924(c) in any way. This omission is significant given that section 2119 expressly refers to 18 U.S.C. § 921 (defining firearms) and 18 U.S.C. § 1365 (defining serious bodily injury). Moreover, section 921 is a provision of the Comprehensive Crime Control Act of 1984 which also includes section 924(c). If Congress had clearly intended to provide for cumulative punishment, its familiarity with the entire Comprehensive Crime Control Act of 1984 would have allowed it to specify such an intent.

Moreover, section 2119 incorporates possession of a firearm as an element of the offense. The inclusion of this element differs materially from federal offenses which include possession of a firearm not as an element of the offense but as the basis for enhancing penalties. *See, e.g.,* 18 U.S.C. § 2113(d). The text of section 924(c) expressly applies to such statutes, but makes no reference to statutes that make possession an element. Therefore, in writing possession into the definition of the offense, Congress opted not to adopt the structure of the offense to which section 924(c) expressly applies. This drafting decision is extremely significant in light of *Simpson v. United States* and *Busic v. United States.*

*Simpson* and *Busic* concerned criminal statutes—18 U.S.C. § 2113 (bank robbery) and 18 U.S.C. § 111 (assault on a federal officer)—of the type described above. Before the 1984 amendments to section 924(c), the Supreme Court refused to permit section 924(c) penalties for violations of section 2113 and section 111 offenses on the grounds that Congress had not clearly authorized cumulative penalties. *Simpson,* 435 U.S. at 13, 98 S.Ct. at 913; *Busic v. United States,* 446 U.S. 398, 406–07, 100 S.Ct. 1747, 1752–53, 64 L.Ed.2d 381 (1980). In response, Congress amended section 924(c) to apply firearms enhancements to this type of offense. 1984 U.S.C.C.A.N. 3182, 3490. The amended section 924(c) expressly authorizes enhance-

ments for offenses "including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." 18 U.S.C. § 924(c)(1). Congress inserted this language to address the Supreme Court's insistence upon clear, unambiguous authorization for cumulative penalties.

Aware of the Supreme Court's insistence upon clarity in determining the scope of section 924(c), Congress refrained from expressly authorizing section 924(c) enhancements for section 2119. To infer an intent—a clear intent—from this definition of section 2119 stretches common sense to the breaking point.

## C. *United States v. Singleton*

At the time this issue was briefed and argued by the parties, no United States Court of Appeals had addressed the issues presented. Since this matter has been submitted, the Fifth Circuit Court of Appeals has spoken and reversed and remanded the Louisiana District Court opinion in *United States v. Singleton,* 824 F.Supp. 609, rev'd and remanded, 16 F.3d 1419.[3] The Fifth Circuit agreed with the district court that § 924(c) does not require the government to prove any fact beyond those required under § 2119. *Id.* at 1423–24. However, the Court of Appeals parted company with the district court on the issue of Congressional intent. First the Fifth Circuit cited the text of § 924(c) which provides, that:

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years,

on citation to *Singleton.*

---

**3.** The government has recently filed a motion for reconsideration of this court's oral ruling based

With respect to the language of § 924(c), the Fifth Circuit stated:

"The italicized clause states that Congress intended for § 924(c)'s five-year sentence to be imposed cumulatively with the punishment for the predicate drug-related or violent crime. (citations) Accordingly, § 924(c) clearly indicates Congress's intent to punish cumulatively violations of §§ 924(c) and 2119." *Id.* at 1425.

In reaching its decision, the Fifth Circuit considered, but rejected two arguments advanced here by defendants: 1) the legislative history of § 924(c); and 2) the chronological order in which §§ 924(c) and 2119 were enacted.

As indicated above, the legislative history of § 924(c) suggests that the 1984 amendments to the section limited the application of § 924(c) to statutes providing for a higher "enhanced" sentence if a deadly weapon is used. The *Singleton* court acknowledged that this reading of the 1984 amendment had some force. However, the court went on to note that the statute uses the phrase "including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." The court interpreted the use of such broad phrasing expansively:

That broad statements does not purport to limit the application of § 924(c) to statutes containing an "enhancement" provision for the use of a firearm. The use of "any person" in the text just quoted, and in the use of "all persons" in earlier quotations from the legislative history, make it clear that Congress wanted to stack § 924(c)'s punishment atop all predicate crimes that came within the statute, not just the Simpson/Busic variety of predicate crime for which the statutes included "enhancements" provisions. Because carjacking is a "crime of violence" under § 924(c)(3), we

hold that Congress clearly indicated its intent to cumulate the punishment of § 924(c) with the punishment of § 2119.

This court respectfully disagrees with the Fifth Circuit's reasoning. First, as the *Singleton* court acknowledged, the legislative history of the 1984 Amendments to § 924(c) clearly suggests that Congress was primarily concerned with addressing statutes which provided for enhanced penalties. To the extent that Congress has stated any clear intent with respect to cumulative punishment, it is only with respect to statutes which provide for "enhanced penalties" when the perpetrator uses a firearm. Congress has not specifically addressed the situation presented here; when the crime in question has as an element the use of a firearm. In light of the Supreme Court's stated concern in the Simpson/Busic cases, the fact that carjacking is a "crime of violence" cannot be interpreted as a clear Congressional intent to provide for cumulative penalties.

Second, as indicated above, § 2119 is the more recent and specific pronouncement of the legislature. As § 2119 does not mention § 924(c), cumulative punishments for carjacking and the firearms charge are not clearly indicated. The *Singleton* court rejected this argument stating that "Congress may make a plain statement of its intent to stack punishments in a specified class of crimes as it did in § 924(c). Once Congress does that, it need not reiterate that intent in any subsequent statutes that fall within the previously defined class." *Id.* at 1427–28. The determination assumes what this court rejects, that Congress has clearly identified the previously defined class, or at least that § 2119 clearly falls within the class.[4]

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Count Two of the indictments is GRANTED. The United States' motion

---

4. The *Singleton* court also noted that a line of cases existed which have upheld cumulative punishments under § 924(c) and 18 U.S.C. § 2113, the federal bank robbery statute. Section 2119 was patterned after § 2113. Several courts, including the Fifth Circuit, have held that § 924(c) expressly authorizes cumulative punishments under §§ 2113 and 924(c) notwithstanding the ab-

sence of any mention of cumulative punishment in § 2113 itself. The *Singleton* court noted that Congress was no doubt aware of the line of cases when it patterned § 2119 after § 2113. However, as indicated above, the firearms portion of § 2113 is an enhancement. In contrast, possession of a firearm is a necessary element of a § 2119 offense.

for reconsideration is DENIED. Count Two of the indictment against defendants is hereby DISMISSED.

IT IS SO ORDERED.