56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Lee MURRAY, Defendant-Appellant.
 No. 94-10124
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1995.
Decided May 11, 1995.
 
 Before: SNEED, SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Lee Murray appeals his convictions for carjacking in violation of 18 U.S.C. Sec. 2119 and using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c). He argues that (i) conviction for both crimes violates the Double Jeopardy Clause, (ii) the district court misstated the "person or presence" element of carjacking in instructing the jury, (iii) the evidence was insufficient to support his convictions, (iv) the carjacking statute is void for vagueness, and (v) the district court erred in denying Murray a sentence reduction based on acceptance of responsibility. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 On May 11, 1993, Murray knocked on the door of Terrianne Cherry's home in South Lake Tahoe, California. Cherry opened the door and Murray pointed a gun at her. No doubt surprised, she was sufficiently composed to tell him that she had two children in the house, and she did not want to upset them. Murray responded that he did not want to upset them, either, but that he needed a car. Cherry's 1984 Audi sedan was parked in a space not more than thirty feet from the front door of Cherry's home. Cherry retreated inside to get her car key from her purse, which was on the dining room table, while Murray followed her into the house. As he did so, he put the gun back into his pocket. He told her that if everything went smoothly, "it wouldn't be a problem," apparently implying that he would not have to use the gun.
 
 
 4
 Cherry gave Murray the car key. He then disconnected the telephone wires to one telephone and took the headset to a cordless phone. At that point Murray, after telling Cherry he had to tie her up, tied her hands behind her back with nylons. Murray surprisingly then asked where she would be most comfortable; Cherry chose the living room couch. She seated herself on the couch, and, while watched by her two toddlers, Murray tied her ankles together and bound them to a leg of the couch. Murray then left the house.
 
 
 5
 Cherry's three-year-old son very soon attempted to untie her. Murray apparently saw this through the front window, he went back into the house and tightened the knots. Murray left again, this time driving away in Cherry's sedan. With her son's help, Cherry freed herself and then went to a neighbor's house and called the police. Murray's enjoyment of the Audi was brief. That evening he was apprehended outside a motel in Fresno.
 
 
 6
 Murray was indicted in the Eastern District of California on August 19, 1993. He was charged with one count of carjacking in violation of 18 U.S.C. Sec. 2119, one count of using a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Murray filed a motion to dismiss, claiming that his prosecution on both carjacking and the firearm charge violated the Double Jeopardy Clause, and a motion to dismiss the carjacking count on vagueness grounds. After briefing and oral argument, the trial court denied both motions.
 
 
 7
 A jury trial began on November 15, 1993. During trial, Murray sought admission of expert testimony and an instructional videotape prepared by the California Highway Patrol concerning the prevention of car thefts. The court refused to admit them, finding that they were irrelevant to any issue in the case.
 
 
 8
 The jury returned a verdict of guilty on all three counts. Murray was sentenced to 84 months on each of the charges of carjacking and being a felon in possession of a firearm, to run concurrently, and 60 months on the firearm charge, to run consecutively, a total of 144 months in prison. Murray was also sentenced to four years of supervised release and a $150 special assessment.
 
 
 9
 As previously indicated, Murray timely appeals the carjacking and firearm convictions. This court has jurisdiction pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291.
 
 II.
 DISCUSSION
 A. Double Jeopardy
 
 10
 Murray contends that his being convicted of both carjacking and use of a firearm during a crime of violence violates the Double Jeopardy Clause because both statutes punish the same conduct. However, cumulative punishment does not violate the Double Jeopardy Clause if Congress' intent to authorize such punishment is clear. Missouri v. Hunter, 459 U.S. 359, 369 (1983). We recently concluded that Congress did intend to impose cumulative punishment under 18 U.S.C. Sec. 2119 (carjacking) and 18 U.S.C. Sec. 924 (c) (prohibiting use of a firearm during a crime of violence). United States v. Martinez, No. 93-50803, slip op. at 2552-53 (9th Cir. Mar. 7, 1995); accord United States v. Moore, 43 F.3d 568 (11th Cir. 1994); United States v. Overstreet, 40 F.3d 1090 (10th Cir. 1994), petition for cert. filed (U.S. Feb. 14, 1995) (No. 94-8169); United States v. Jones, 34 F.3d 596 (8th Cir. 1994), petition for cert. filed (U.S. Dec. 15, 1994) (No. 94-7281); United States v. Johnson, 32 F.3d 82 (4th Cir.), cert. denied, 115 S. Ct. 650 (1994); United States v. Mohammed, 27 F.3d 815 (2d Cir.), cert. denied, 115 S. Ct. 451 (1994); United States v. Johnson, 22 F.3d 106 (6th Cir. 1994); United States v. Singleton, 16 F.3d 1419 (5th Cir. 1994). Therefore, Murray's convictions under both statutes do not violate the Double Jeopardy Clause. Id.
 
 B. "Person or Presence" Instruction
 
 11
 Murray's most substantial argument is that the trial court's jury instructions misstated the "person or presence" element of carjacking. Whether a jury instruction misstates the elements of a statutory crime is a question of law reviewed de novo. United States v. Blinder, 10 F.3d 1468, 1477 (9th Cir. 1993). We conclude that the jury instruction in this case was not reversible error.
 
 
 12
 Judge Levi gave the following instruction[1] to the jury:
 
 
 13
 "[P]erson or presence of another" means that the person who is in control of the automobile either is in the automobile or in such proximity to the automobile at the time of the offense that the person could observe the automobile or gain quick and ready access to it.
 
 
 14
 E.R. at 64. Murray maintains that Judge Levi's instruction was too broad. First, Murray contends that Cherry's ability to see the car during the incident alone is insufficient to establish a taking from her "person or presence." He argues that "mere observation" of the car does not necessarily imply any kind of control over the car, which is required under the common law concept of "person or presence."[2] Second, Murray argues that, even if observation of the car is sufficient to prove a taking from another's person or presence, the victim must observe the car at the time of the taking. The instruction was therefore improper because it allowed the jury to find that Murray took the car from Cherry's person or presence based only on the fact that Cherry had been able to see the car from inside her house at some point following Murray's knock on her door. In effect, Murray argues that the carjacking statute requires that she be able to "observe" the car when it was taken. Because Cherry was unable to see the car and was separated from it by the walls of the house and by a distance of about thirty feet, Murray argues, Judge Levi's instruction constitutes reversible error.[3]
 
 
 15
 We reject Murray's arguments. This circuit approved a "person or presence" instruction similar to Judge Levi's in United States v. Burns, 701 F.2d 840 (9th Cir.), cert. denied, 462 U.S. 1137 (1983), which involved a federal robbery statute, 18 U.S.C. Sec. 2111.[4] The facts of Burns are similar to those in this case. The defendant was convicted of committing two robberies in a smoke shop. While robbing the shop, the defendant pointed a gun at the victim and demanded his car keys. When the victim told the defendant that his keys were in his car, the defendant left the shop and stole the car, which was parked just outside. The defendant argued that his conviction for robbery of the car must be reversed on the ground that there was no taking "from the person or presence of another" as required by Sec. 2111.
 
 
 16
 This court rejected the defendant's argument, finding that the jury could properly have found that "the taking was effectively within the victim's presence." Id. at 843. We approved the trial court's instruction to the jury "that property is in the presence of a person if it is 'so within his reach, inspection, observation or control, that he could if not overcome by violence or prevented by fear, retain his possession of it'." Id. (citation omitted) (emphasis added). This formulation of the "person or presence" element is the "generally accepted definition." People v. Hayes, 52 Cal.3d 577, 626, 276 Cal. Rptr. 874, 802 P.2d 376 (1990). "Under this definition, property may be found to be in the victim's immediate presence 'even though it is located in another room of the house, or in another building on [the] premises."' Id. at 627 (quoting 4 Wharton's Criminal Law Sec. 473 (14th ed. 1981)).
 
 
 17
 The instruction in this case does not differ significantly from the one approved in Burns. Judge Levi's instruction, as did that in Burns, specifies that "person or presence" means a person who is "in control" of the car, in addition to being either in the car or close enough to see it or gain quick access to it. United States v. Joetzki, 952 F.2d 1090, 1095 (9th Cir. 1991). Viewing the language, as we must, in the context of the entire instruction, Judge Levi's "person or presence" instruction did not misstate that element by being unduly broad.
 
 
 18
 Murray also contends that the district court erred by refusing to offer what he characterizes as his defense theory instruction. This argument is meritless.[5] His argument also is perverse in that it resembles that of the child guilty of double parricide seeking mercy on account of his orphanage. Murray sought to instruct the jury that it must acquit him of carjacking if the government failed to prove that he "walked up to a waiting car, pointed a gun at the driver and demanded the car." E.R. at 68. In essence, he asserts that his use of a gun to threaten the car owner, whose automobile was in plain view, and then to place and restrain her in a position where the car is no longer in plain view, excludes punishment under the carjacking statute.
 
 
 19
 This narrow definition of carjacking, however, is unsupported by law. As discussed infra, the statute is not so narrowly drafted. The language proscribes taking an automobile from the person or presence of another. 18 U.S.C. Sec. 2119. The term "presence" has limits, but they were not transgressed in this case. Judge Levi did not err by refusing to submit Murray's proposed instruction.
 
 
 20
 Finally, Murray argues that the court "promised" to give him notice of its decision to instruct the jury on "person or presence." The court's failure to notify him, Murray contends, violated his due process rights because he had relied on the court's promise to his detriment. Murray does not cite, nor can we discover, any authority for this argument. We find it unpersuasive. First, an examination of the record does not establish that the court "promised" to notify Murray. Judge Levi stated "tentatively" that he did not think such an instruction was necessary, and that he would not be "bound" by that preliminary decision. See E.R. at 9-10. Any reliance by Murray on Judge Levi's statements was therefore unreasonable. Second, Judge Levi did notify Murray's counsel of his intent to instruct the jury on "person or presence" halfway through the trial, and he solicited briefing from both sides on the issue. See R.T., vol. I, at 166-69. Murray contends, however, that he should have been warned earlier, when the judge questioned Cherry from the bench regarding her distance from the vehicle and her ability to see it. Had he been forewarned, Murray claims, he would have objected to the court's questions. It is not clear, however, on what grounds he could have objected to Judge Levi's questions. The responses might actually have been helpful to Murray. Without regard to the precise wording of the "person or presence" instruction, Murray certainly was on notice that Cherry's proximity to and control over the car were at issue.
 
 C. Sufficiency of the Evidence
 
 21
 Murray argues that the evidence was insufficient to support his conviction for carjacking.[6] There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Lennick, 18 F.3d 814, 819 (9th Cir.), cert. denied, 115 S. Ct. 162 (1994). Again, Murray argues that the evidence did not show a taking from Cherry's "person or presence."
 
 
 22
 We reject this argument. We already have set forth the evidence supporting the "person or presence" requirement. This evidence was sufficient for the jury to find that Murray took Cherry's car from her person or presence, even though Cherry did not actually see Murray take her car. See Burns, 701 F.2d at 843.[7] A rational trier of fact could clearly have concluded, as the jury did, that all the elements of carjacking were met in this case, including the requirement of a taking from Cherry's "person or presence."
 
 D. Void for Vaqueness
 
 23
 Murray, again relying on the "person or presence" element, argues that the carjacking statute is void for vagueness. "Because the carjacking statute does not implicate First Amendment rights, it may be challenged for vagueness only as applied." Martinez, slip op. at 2555. The carjacking statute is not vague if it provides adequate notice of the conduct that is prohibited; a defendant is deemed to have fair notice if a reasonable person of ordinary intelligence would understand that her conduct is prohibited. Id.; United States v. Hogue, 752 F.2d 1503, 1504 (9th Cir. 1985). Murray's contention is meritless.
 
 
 24
 We agree with Judge Levi that "[t]he language of [the carjacking statute] is not more complex than language commonly applied ... in other criminal statutes, and it is not unconstitutionally vague with respect to the conduct alleged in this case." E.R. at 8. We are unable to find a single case in which a criminal statute was held to be void for vagueness because of the "person or presence" element. Although it is true, as Murray argues, that one generally thinks of carjacking as involving a victim seated in her car who is forced to relinquish it at gunpoint, the carjacking statute is not so narrowly drafted. Section 2119 proscribes taking a motor vehicle that has been shipped in interstate commerce from the person or presence of another by force or intimidation while possessing a gun. 18 U.S.C. Sec. 2119. A reasonable person would understand the statute to prohibit what Murray did in this case.
 
 
 25
 E. Exclusion of Expert Testimony and Videotape
 
 
 26
 During trial, Murray, continuing his attack on the "person or presence" element, attempted to admit the testimony of an expert in automobile theft prevention and a videotape produced by the California Highway Patrol on the same subject.[8] Judge Levi refused to allow either one into evidence, finding that both were irrelevant to any factual issue in the case. The district court's ruling on the relevance of evidence is reviewed for an abuse of discretion. United States v. Rubio-Topete, 999 F.2d 1334, 1338 (9th Cir. 1993). We find that Judge Levi did not abuse his discretion by excluding the expert testimony and the videotape in this case.[9]
 
 
 27
 Murray apparently sought to introduce this evidence in order to narrow the scope of the legal definition of "person or presence." By illustrating numerous similar situations in which cars are stolen, Murray hoped to persuade the jury that Cherry lacked control over her car at the time of the carjacking and that the taking was therefore not from her person or presence. Judge Levi reasonably concluded that the evidence had no relevance:
 
 
 28
 Let's suppose we had a bank robbery. Would it be relevant for the defense to prove that there are other ways in which bank moneys may be taken, stolen and discounted or misapplied? ... [I]f I understand how you wish to use the evidence, it's to show the jury that the victim here did not have complete control over the car because other people could have stolen the vehicle, and that seems irrelevant to me. That doesn't tell us whether the car is ... in the person or presence of the victim.
 
 
 29
 R.T., vol. I, at 23.
 
 
 30
 Furthermore, the district court would have been justified in excluding the expert's testimony as improper under Rule 702. Expert testimony is properly admitted when it serves to assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702; United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir. 1993), cert. denied, 115 S. Ct. 939 (1995). "It is well settled, however, that the judge instructs the jury in the law. 'Resolving doubtful questions of law is the distinct and exclusive province of the trial judge."' Weitzenhoff, 35 F.3d at 1287 (citations omitted). Murray sought to introduce the expert's testimony to aid the jury in determining what "person or presence" means. Such testimony, had it been allowed, would be clearly improper. Defining the elements of an offense is a matter to be decided by the trial judge, not debated by experts.
 
 F. Acceptance of Responsibility
 
 31
 Murray argues that the district court erred by refusing to grant him a sentence reduction based on acceptance of responsibility. Under the Sentencing Guidelines, a defendant who "clearly demonstrates acceptance of responsibility for his offense" is entitled to a two-level decrease in his base offense level. U.S.S.G. Sec. 3E1.1(a). The defendant bears the burden of so demonstrating. United States v. Innie, 7 F.3d 840, 848 (9th Cir. 1993), cert. denied, 114 S. Ct. 1567 (1994).
 
 
 32
 The district court's finding that Murray did not accept responsibility for his actions is a factual finding reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir. 1990). Our deference rests on the principle that the trial judge is in the best position to evaluate the defendant's acceptance of responsibility. U.S.S.G. Sec. 3E1.1 comment. (n.5); United States v. Rutledge, 28 F.3d 998, 1000-01 (9th Cir. 1994), cert. denied, 115 S. Ct. 1161 (1995). The record suggests that Judge Levi felt the defendant failed to acknowledge the full degree of intimidation and fear involved in the crime, which involved pointing a gun at the victim and tying her up. We defer to his judgment and conclude that his decision to deny the reduction to Murray was not clearly erroneous.
 
 
 33
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The entire instruction regarding the elements of the carjacking charge was as follows:
 In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:
 First, the defendant took a motor vehicle from the person or presence of Terrianne Cherry;
 Second, the defendant used force or intimidation in doing so;
 Third, the defendant possessed a firearm while doing so; and,
 Fourth, the motor vehicle had previously been transported or shipped from one state to another or from a foreign nation to the United States.
 As used in these instructions, "person or presence of another" means that the person who is in control of the automobile either is in the automobile or in such proximity to the automobile at the time of the offense that the person could observe the automobile or gain quick and ready access to it.
 Appellant's Excerpts of Record (E.R.) at 64. The first part of the instruction accurately tracks the elements as defined by the statute. See 18 U.S.C. Sec. 2119; see also United States v. Singleton, 16 F.3d 1419, 1422 (5th Cir. 1994); United States v. Hill, 853 F. Supp. 1154, 1156 (N.D. Cal. 1994).
 
 
 [2]
 "Presence" ... is not so much a matter of eyesight as it is one of proximity and control: the property taken in the robbery must be close enough to the victim and sufficiently under his control that, had the latter not been subjected to violence or intimidation by the robber, he could have prevented the taking
 Wayne R. LaFave & Austin W. Scott, Jr., Criminal Law Sec. 8.11(c) (2d ed. 1986).
 
 
 [3]
 There is no evidence in the record that Cherry could see Murray take her car from the living room couch, where she was tied up. She did hear him drive away, however. See Reporter's Transcript (R.T.), vol. I, at 60
 Because Murray argues that the victim must observe the car "at the time of the taking," he also objects to the instruction because it uses the phrase "at the time of the offense." As discussed below, however, Judge Levi's formulation of the "person or presence" element was proper.
 
 
 [4]
 Section 2111 states:
 Whoever, within the special maritime and territorial jurisdiction of the United States, by force or violence, or by intimidation, takes from the person or presence of another anything of value, shall be imprisoned ....
 18 U.S.C. Sec. 2111. In Burns, which involved an Indian committing a robbery on Indian territory, the statute was applicable pursuant to the Major Crimes Act, 18 U.S.C. Sec. 1153.
 
 
 [5]
 "Defendants are entitled to have a court instruct a jury on their theory of defense if the instruction is supported by law and has some foundation in the evidence." United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1994) (emphasis added)
 
 
 [6]
 Murray also argues that, should his carjacking conviction be overturned, his conviction for use of a firearm during a crime of violence must also be reversed for lack of a predicate offense. See United States v. Streit, 962 F.2d 894, 899 (9th Cir.), cert. denied, 113 S. Ct. 431 (1992) ("To convict under 18 U.S.C. Sec. 924(c), the government must establish that the defendant committed a crime of violence ....")
 
 
 [7]
 The "person or presence" element has been satisfied in many similar situations in the robbery context, including where:
 [T]he victims have been put in walk-in refrigerator while money is taken from a cash register; the victims are tied up in one room while property is taken from another room; the victim is assaulted in a motel room one hundred seven feet away from the motel office from which the property is stolen; a robber crashes through a ceiling into an office, causing the victim to flee, and then steals from the office; the victim is lured one-quarter mile away from his car by robbers who attack and kill him and then steal his car.
 People v. Prieto, 15 Cal. App. 4th 210, 214, 18 Cal. Rptr. 761 (1993) (citations omitted).
 
 
 [8]
 Murray also sought, unsuccessfully, to cross-examine a prosecution witness, a local sheriff, on the subject of car theft
 
 
 [9]
 "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added)